```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**                                                 **NO. 11-159**

**MARK J. TITUS**                                          **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court are pending Motions asserting an interest in property the United States ("Government") seeks to forfeit, and the Government's responsive Motions and Oppositions (Rec. Docs. No. 101, 102, 103, 104, 105, 106, 107, 119, & 121). Parties asserting an interest in the property the Government seeks to forfeit include: Valerie Lynn Stelzer Titus ("Valerie Titus"), Joan Gail Stelzer ("Stelzer"), and Mark James Titus, Jr. ("Titus, Jr."). (Rec. Docs. No. 101, 102, & 103). The Government has filed affidavits of notice to all interested parties in the record. (Rec. Docs. No. 108, 109, 110, & 111). Also before the Court is Valerie Titus' Motion for Leave to Conduct Discovery as well as Stelzer's Opposition to the Government's Motion to Dismiss her Petition. (Rec. Docs. No. 118 & 120). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that both the Government and Valerie Titus' Motions for Leave to Conduct Discovery (Rec. Docs. No. 104 & 118), are **GRANTED**, provided said discovery is completed **no later than**

**June 20, 2013**.[1]  Accordingly,

**IT IS FURTHER ORDERED** that following the completion of discovery, the Government and Valerie Titus file any Motions for Summary Judgment **no later than July 22, 2013**.  Oppositions to any such motions must be filed **no later than July 30, 2013**. Thereafter, the Court will hear oral argument on any pending Motions regarding Valerie Titus' Interest in Real Property that is Subject to the Court's Order of Forfeiture, (including Rec. Docs. No. 101 & 121) on **August 7, 2013 at 2:00 p.m.**

**IT IS FURTHER ORDERED** that Titus Jr.'s Request for Leave to Conduct Discovery, contained within his Verified Petition Asserting an Interest in Property (Rec. Doc. No. 103 at 1), is **DENIED**, for failure to show good cause for his request as required by Federal Rule of Criminal Procedure 32.2(c)(1)(B).[2]  Accordingly,

**IT IS FURTHER ORDERED** that Titus Jr. file a Response to the Government's Motion to Dismiss his Verified Claim for Lack of Statutory Standing (Rec. Doc. No. 119) **no later than March 13, 2013**, after which the Court will rule without need of further briefing or oral argument.

---

[1] Both the Government and Valerie Titus estimate that discovery will take 120 days.  (Rec. Docs. No. 104 at 4, 118 at 2).

[2] Titus Jr. makes no argument for good cause to request discovery nor does he identify factual issues that require further discovery, but merely "requests leave to conduct discovery in conjunction with this petition, as provided for in Federal Rule of Criminal Procedure 32.2(c)(1)(B)."  (Rec. Doc. No. 103 at 1).  Titus Jr. also failed to respond to the Government's Opposition to his request.  (Rec. Doc. No. 106).

2

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Stelzer's Petition (Rec. Doc. No. 105) is **DENIED without prejudice to reconsider following further briefing on the issue of "bona fide purchaser" ordered herein**.

**IT IS FURTHER ORDERED** that Stelzer's Request for Leave to Conduct Discovery, contained within her Verified Petition Asserting an Interest in Property (Rec. Doc. No. 102 at 1), is **DENIED**, for failure to show good cause for her request as required by Federal Rule of Criminal Procedure 32.2(c)(1)(B).[3]

**IT IS FURTHER ORDERED** that the Government and Stelzer submit further briefing to the Court, limited to the issue of what constitutes a "bona fide purchaser" under both Louisiana law and federal forfeiture law. Both parties shall file said briefing **no later than March 20, 2013**. Thereafter, the Court shall reconsider the Government's Motion to Dismiss Stelzer's petition without need of further briefing or oral argument.

Procedural History:

On October 10, 2012, judgment was entered against Defendant Mark J. Titus ("Defendant Titus"), accepting his plea of guilty[4] to

---

[3] Stelzer makes no argument for good cause to request discovery, nor does she identify factual issues that require further discovery, but merely "requests leave to conduct discovery in conjunction with this petition, as provided for in Federal Rule of Criminal Procedure 32.2(c)(1)(B)." (Rec. Doc. No. 102 at 1). Stelzer also failed to respond to the Government's Opposition to her request. (Rec. Doc. No. 107).

[4] The Court denied Defendant Titus' Motion to Withdraw Plea of Guilty. (Rec. Doc. No. 69).

3

Count One of the one-count Bill of Information, Conspiracy to commit Mail Fraud in violation of 18 U.S.C. § 371. (Rec. Doc. No. 72). On November 20, 2012, the Court ordered forfeiture of certain real properties belonging to Defendant Titus to satisfy the $925,320 money judgment entered against him as restitution for his actions, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(e). (Rec. Docs. No. 72 & 94). The Government effected notice of the Order of Forfeiture to third parties with an interest in the real properties, including: Valerie Titus, Stelzer, and Titus, Jr. (Rec. Docs. No. 105-4, 105-1, 108, 109, 110, 111, & 119-5).

Within 30 days of receiving notice of the Order of Forfeiture, as required by 21 U.S.C. § 853(n), Valerie Titus, Stelzer, and Titus Jr. filed the instant motions and petitions asserting an interest in the properties. (Rec. Docs. No. 101, 102, & 103). The Government then filed responsive Motions and Oppositions and the Court ordered Valerie Titus, Stelzer, and Titus Jr. to respond no later than January 23, 2013 and set oral argument for this date, February 20, 2013. (Rec. Docs. No. 104, 105, 106, 107, & 116). Neither Stelzer nor Titus Jr. responded to the Government's oppositions to their Requests to Conduct Discovery. (Rec. Docs. No. 106 & 107).

Valerie Titus responded and did not object to the Government's request for discovery regarding her petition, and filed her own Motion for Leave to Conduct Discovery. (Rec. Doc. No. 118).

4

Stelzer filed an opposition to the Government's Motion to Dismiss her petition. (Rec. Doc. No. 120). Finally, the Government filed Motions to Dismiss both Valerie Titus and Titus Jr.'s Petitions, on January 22, 2013 and February 11, 2013, respectively. (Rec. Docs. No. 119 & 121).

<u>Law and Analysis:</u>

**1. Third-party interests under 21 U.S.C. § 853(n) and Valerie Titus and Titus Jr.'s Petitions**

"After an order of forfeiture is entered, the government is required to publish notice of the order and may also, to the extent practicable, provide direct written notice to anyone known to have a potential interest in the property." *United States v. Stone*, 304 Fed.Appx. 334, 336 (5th Cir. 2008), citing 21 U.S.C. § 853(n). Within 30 days of said notice, any third party asserting an interest in property subject to forfeiture must petition the court for a hearing in order to assert his interest. *Id*. Under Fed. R. Crim. P. 32.2(c), the Court is required to conduct an ancillary proceeding to adjudicate the third party interests. *Stone*, 304 Fed. Appx. at 335-36. Although the proceedings arise in a criminal context, they closely resemble civil proceedings. *Id*. at 336, citing *United States v. Corpus*, 491 F.3d 205, 208 (5th Cir. 2007). Therefore, prior to a hearing or discovery, a court may, upon motion from a party, "dismiss the petition for lack of standing, failure to state a claim, or for any other lawful reason." *Stone*,

304 Fed.Appx. at 336, citing Fed. R. Crim. P. 32.2(c)(1)(A). These motions are similar to Federal Rule of Civil Procedure 12(b) motions and should be reviewed under a similar standard. *Stone*, 304 Fed.Appx. at 336, citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). Also similar to a civil proceeding, after discovery but before a hearing, a party may move for summary judgment, reviewed by the Court using the same standard as under Federal Rule of Civil Procedure 56. *Stone*, 304 Fed.Appx. at 336, citing *Corpus*, 491 F.3d at 208-09.

Accordingly, the Government and Valerie Titus' Unopposed Motions for Leave to Conduct Discovery (Rec. Docs. No. 104 & 118) are **GRANTED** and thereafter, the parties shall file Motions for Summary Judgment to resolve the property interest at issue. Similarly, the Government's Motion to Dismiss Titus' Jr. Verified Petition should be treated as analogous to a 12(b) motion in a civil proceeding, and Titus Jr. shall file a response to the Motion before the Court rules on the Motion, prior to a hearing.

**2. Government's Motion to Dimiss Stelzer's Petition**

Under Section 853(n), a third party must meet five requirements to petition for a hearing to adjudicate his interests: (1) "the petition shall be signed by the petitioner under penalty of perjury;" (2) the petition "shall set forth the nature and extent of the petitioner's right, tittle, or interest in the property;" (3) the petition shall set forth "the time and

6

circumstances of the petitioner's acquisition of the right, title, or interest in the property;" (4) the petition shall set forth "any additional facts supporting the petitioner's claim;" and (5) the petition shall set forth "the relief sought." 21 U.S.C. § 853(n)(3). "Courts strictly construe [these] statutory requirements in order to discourage false or frivolous claims." *United States v. Ginn*, 799 F.Supp. 2d 645, 647 (E.D. La. 2010), citing *United States v. Edwards*, No 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007). In both *Ginn* and *Edwards*, the Courts dismissed the petitions of third parties where they were not signed or sworn under penalty of perjury. *Ginn*, 799 F.Supp. 2d at 647; *Edwards*, 2007 WL 2088608 at *3. In both cases, the Court also noted that the petitioners failed to provide sufficient detail regarding the petitioner's interest in the properties subject to forfeiture. *Ginn*, 799 F.Supp. 2d at 647; *Edwards*, 2007 WL 2088608 at *2. In *Ginn*, the petitioners bare assertions of ownership and claim that they came into possession of the property through "financial assistance and employment" were inadequate to meet the strict statutory requirements for standing under 21 U.S.C. § 853(n)(3). *Ginn*, 799 F.Supp. 2d at 647. In *Edwards*, the conclusory statement by a petitioner that property subject to forfeiture was acquired by a business, without giving further facts about the acquisition or explaining how the business' acquisition related to the petitioner's asserted interest, was insufficient to

7

meet the statutory requirements of 21 U.S.C. § 853(n)(3). *Edwards*, 2007 WL 2088608 at *2.

Stelzer's petition is distinguishable from those rejected by the Courts in *Ginn* and *Edwards*. First, unlike the petitions in *Ginn* and *Edwards*, Stelzer's petition was signed under penalty of perjury. (Rec. Doc. No. 102 at 5). Further, Stelzer provides specific details about her interest in the property (as 100% owner) and her acquisition of the properties – that on July 7, 2011, she purchased the properties at 841-43 Washington Avenue and 348 Diamond Street, for $25,000 and $10, respectively. (*Id*. at 2). Finally, Stelzer relies on documents submitted by the Government itself, in support of its Amended Motion for Forfeiture. (*See* Rec. Docs. No. 65-3 & 65-4, documentation of cash sales of the properties to Joan Gail Stelzer). The Court finds that these facts and supporting documentation go beyond the "bare assertion of legal title" rejected in *Edwards*. Therefore, Stelzer survives the Government's Motion to Dismiss at this stage.

**3. Stelzer's Petition Asserting an Interest in Property that the United States Seeks to Forfeit**

In order for a Court to amend the Order of Forfeiture, Stelzer must establish by a preponderance of the evidence that either: "(A) she has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest <u>was</u>

8

_vested in the petitioner rather than the defendant_ or was superior to any right, title, or interest of the defendant _at the time of the commission of the acts which gave rise to the forfeiture of the property_ under this section; or (B) the petitioner is _a bona fide purchaser for value_ of the right, title, or interest in the property and _was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture_ under this section." 21 U.S.C. § 853(n)(6), *emphasis added*.

Here, Stelzer asserts in her petition that she purchased two of the properties subject to forfeiture, 841-43 Washington Avenue and 348 Diamond Street, on July 7, 2011 for the prices of $25,000 and $10, respectively. (Rec. Doc. No. 102 at 2). This Court found that both of these properties were forfeited to the United States as substitute assets pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e). (Rec. Doc. No. 94 at 3). Further, the commission of acts giving rise to the forfeiture order occurred between June 2, 2008 through June 29, 2011. (See Rec. Docs. No. 1 at 3 & 30). Therefore, by asserting that she acquired rights in the properties on July 7, 2011, Stelzer cannot argue under the first prong of § 853(n)(6) that her interest in the properties vested "at the time of the commission of the acts which gave rise to the forfeiture of the property."

However, as to the second prong under § 853(n)(6), Stelzer must show both that she was a "bona fide purchaser" of the

9

properties and "reasonably without cause to believe that the property was subject to forfeiture." Accordingly, the Court requires further briefing on what constitutes a "bona fide purchaser" under both Louisiana law and federal forfeiture law. *See* United States v. White, 306 Fed.Appx. 838, 840 (5th Cir. 2007) ("Under 21 U.S.C. § 853(n), the legal right, title or interest of a third party is determined by state law. Federal law determines whether that interest may be forfeited.").

New Orleans, Louisiana, this 20th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE